UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

GLENN EADS, )
 )
         Petitioner, )
 )
    vs. ) No. 4:17-cv-00179-SEB-TAB
 )
CURTIS HILL, )
 )
         Respondent. )

**Entry Discussing Petition for a Writ of Habeas Corpus
and Denying a Certificate of Appealability**

In 2008, Petitioner Glen Eads was found guilty in Indiana state court of Stalking. He faces the revocation of his parole because of his failure to report to his parole officer as well as crimes he committed while on parole. He brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 while he was being detained in the Hamilton County Justice Center in Cincinnati, Ohio seeking to stop his extradition to the Indiana Department of Correction ("IDOC") on the parole violation warrant. The respondent has filed a return to the order to show cause arguing that Eads did not exhaust his available state court remedies before he filed his petition. Eads has replied. For the following reasons, Eads has not shown his entitlement to habeas relief at this stage and his petition must be dismissed.

**Procedural History**

On July 24, 2008, Eads was sentenced in the Dearborn Circuit Court to seven years, one hundred eleven days. He was paroled on December 15, 2016.

On December 15, 2016, Eads was determined to be delinquent. On January 3, 2017, the Indiana Department of Correction Division of Parole Services recommended a Parole Violation

Warrant be issued for Petitioner based on alleged rule violations, specifically that Eads "failed to contact agent as of this date for initial reporting," as instructed. Prior to the warrant's execution, Eads had been criminally charged and detained in Hamilton County, Ohio. A nationwide Warrant for Retaking Offender issued on January 3, 2017. The Warrant, No. 17-17633, was later served on Eads while housed in the Hamilton County Justice Center.

## Discussion

Eads seeks habeas relief arguing that, when he was released on December 15, 2016, his sentence should have been discharged and he should not have been placed on parole and that the IDOC violated his constitutional rights when the parole violation warrant was issued. The respondent argues that when he filed his petition, the Indiana Parole Board had not taken any action on the final revocation of parole.[1] Because revocation proceedings have not been completed and because Eads has not sought state court review of them, the respondent asserts that Eads's petition must be dismissed.

"[A] state prisoner must normally exhaust available state remedies before a writ of habeas corpus can be granted by the federal courts." *Duckworth v. Serrano,* 454 U.S. 1, 3 (1981). "Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). To meet this requirement, a petitioner "must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* at 1025-26. When a claim is not exhausted and state court remedies remain available, the federal court generally "must . . . dismiss his habeas petition without prejudice so that the petitioner may return to state

---

[1] The Court notes that Eads is now housed at an IDOC facility, but it is unclear from the record whether and when final revocation proceedings have taken place.

court in order to litigate the claim." *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004) (citing *Castille v. Peoples,* 489 U.S. 346, 349 (1989); *Rose v. Lundy,* 455 U.S. 509, 522 (1982); 28 U.S.C. § 2254(b)(1)(A)).

Here, Eads's parole had not been revoked at the time he filed this petition for a writ of habeas corpus. Further, if his parole is revoked, he may challenge the revocation of his parole in the Indiana state courts through a direct appeal and/or a petition for post-conviction relief. *Cf. Hardley v. State*, 893 N.E.2d 740, 742 (Ind. Ct. App. 2008) (treating a challenge to custody after the revocation of parole as a petition for post-conviction relief). Because he has not challenged the revocation in the Indiana state courts, he has not exhausted his claims and cannot yet bring them in a petition for a writ of habeas corpus in this Court.

A petitioner may nevertheless obtain federal habeas review when he has not exhausted his state remedies if either (1) no state corrective process is available to address his claims, or (2) circumstances exist that render such process ineffective to protect his rights. 28 U.S.C. § 2254(b); *Castille v. Peoples*, 489 U.S. 346, 349 n.1 (1989); *Cruz v. Warden*, 907 F.2d 665, 668 (7th Cir. 1990). In other words, a petitioner may be able to bypass state remedies if those remedies are not meaningful. Eads has identified no reason to conclude that his state court remedies are not meaningful. Accordingly, his petition for a writ of habeas corpus must be dismissed.

**Conclusion**

As explained above, Eads has failed to exhaust his available state court remedies before filing this petition for a writ of habeas corpus. His petition must therefore be dismissed without prejudice. Judgment consistent with this Entry shall now issue.

## Certificate of Appealability

Rule 11(a) of the *Rules Governing § 2254 Cases* requires the district courts to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and "[i]f the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Pursuant to § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing includes demonstrating "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and quotation marks omitted). Eads has failed to make this showing, and therefore a certificate of appealability is **denied**.

    **IT IS SO ORDERED.**

Date: _____12/28/2017_____

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

GLENN EADS
# 247040
PLAINFIELD - RDC
RECEPTION DIAGNOSTIC CENTER
Inmate Mail/Parcels
737 MOON ROAD
PLAINFIELD, IN 46168

Jonathan Paul Nagy
INDIANA ATTORNEY GENERAL

jonathan.nagy@atg.in.gov

Jarod Zimmerman
INDIANA ATTORNEY GENERAL
Jarod.Zimmerman@atg.in.gov